PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC Docket Sheet

## Case No. PC-2020-03488

| | | |
|---|---|---|
| Dayna Gladstein<br>v.<br>Sequium Asset Solutions, LLC et al. | §<br>§<br>§<br>§<br>§ | Location: **Providence/Bristol County Superior Court**<br>Filed on: **04/27/2020**<br>US District Court Case **1:20-CV-00239**<br>Number: |

## CASE INFORMATION

**Statistical Closures**
07/08/2020   Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type:   **Contract Damages**

Case Status:   **07/08/2020   Closed**

## CASE ASSIGNMENT

**Current Case Assignment**
Case Number      PC-2020-03488
Court            Providence/Bristol County Superior Court
Date Assigned    04/27/2020

## PARTY INFORMATION

*Lead Attorneys*

**Plaintiff**      Gladstein, Dayna              **GLADSTEIN, BRUCE P.**
*Retained*
4014329999(W)

**Defendant**      I.C. Systems, Inc

Sequium Asset Solutions, LLC      **EGAN, TIMOTHY OWEN**
*Retained*
6179512100(W)

Verizon

## EVENTS & ORDERS OF THE COURT

### EVENTS

| Date | |
|---|---|
| 07/08/2020 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 07/08/2020 | Case Removed to US District Court |
| 06/12/2020 | Summons |
| 06/09/2020 | Summons Returned Served<br>*SUMMONS RETURNED SERVED* |
| 06/05/2020 | Notice of Removal<br>*Defendant Sequium Asset Solutions, LLC's Notice of Removal* |
| 04/28/2020 | Summons |
| 04/27/2020 | Complaint Filed<br>*Complaint Filed - Verizon* |



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: **Dayna Gladstein** vs. **Sequium Asset Solutions**

Federal Court Case No. **1:20-CV-00239** State Court Case No. **PC-2020-03488**

**Record Information**

Confidential: Yes ☐ No ☑ Description: _____

Sealed documents: Yes ☐ No ☑ Description: _____

**Certification**

I, **Alexa Goneconte** _____, Clerk of the Rhode Island Superior Court for the County of

**Providence** _____ do certify that the attached documents are all the documents

included in the record in the above referenced case.

Clerk of Court

/s/ **Alexa Goneconte** _____

By Deputy Clerk

Date: 07/08/2020

STATE OF RHODE ISLAND AND       PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

|  | |
|---|---|
|  | **Civil Action File Number**<br>PC-2020-03488 |
| **Plaintiff**<br>Dayna Gladstein<br>v.<br>Sequium Asset Solutions, LLC et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Bruce P. Gladstein |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>2377 PAWTUCKET AVE<br>EAST PROVIDENCE RI  02914 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, I.C. Systems, Inc:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 6/12/2020. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

| **Plaintiff**<br>Dayna Gladstein<br> v.<br>Sequium Asset Solutions, LLC et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-03488 |
| --- | --- |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, I.C. Systems, Inc, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ With a guardian or conservator of the Defendant.
   Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
    Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
   _____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month    Day     Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-03488 |
| **Plaintiff**<br>Dayna Gladstein<br>v.<br>Sequium Asset Solutions, LLC et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Bruce P. Gladstein |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>2377 PAWTUCKET AVE<br>EAST PROVIDENCE RI  02914 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Verizon:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 6/12/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND       PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Dayna Gladstein<br> v.<br>Sequium Asset Solutions, LLC et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-03488 |

---

**PROOF OF SERVICE**

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Verizon, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE:    ____/____/____ | SERVICE FEE $ _____ |
| Month   Day     Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2020 3:23 PM
Envelope: 2617407
Reviewer: Rachel L.



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-03488 |
| **Plaintiff**<br>Dayna Gladstein<br>v.<br>Sequium Asset Solutions, LLC<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Bruce P. Gladstein |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>2377 PAWTUCKET AVE<br>EAST PROVIDENCE RI  02914 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>**Registered Agent Solutions**<br>**222 Jefferson Blvd, Suite 200**<br>**Warwick, RI 02888** |

**TO THE DEFENDANT, Sequium Asset Solutions, LLC:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 4/28/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

20-CV-00239-MSM-LDA   Document 3   Filed 07/08/20   Page 10 of 37 PageID #: 27

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Dayna Gladstein<br>v.<br>Sequium Asset Solutions, LLC<br>**Defendant** | **Civil Action File Number**<br>PC-2020-03488 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Sequium Asset Solutions, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☒ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____ *Chris Bergen* _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2020 3:23 PM
Envelope: 2617407
Reviewer: Rachel L.



STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: 5 / 5 / 20   11:04 | SERVICE FEE $ 45°° |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 6/5/2020 9:54 AM
Envelope: 2612764
Reviewer: Alexa G.

Exhibit A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAYNA GLADSTEIN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. |
| | § | |
| SEQUIUM ASSET SOLUTIONS, LLC, I.C. | § | |
| SYSTEMS, INC., and VERIZON, | § | |
| *Defendants.* | § | |

---

**DEFENDANT SEQUIUM ASSET SOLUTIONS, LLC'S
NOTICE OF REMOVAL**

---

TO THE HONORABLE JUDGE:

COMES NOW, Defendant SEQUIUM ASSET SOLUTIONS, LLC ("Sequium") and files its *Notice of Removal* as follows:

1.      Plaintiff DAYNA GLADSTEIN filed her state court Complaint on April 27, 2020 in the Superior Court of Providence County, State of Rhode Island located at the Licht Judicial Complex, 250 Benefit Street, Providence, Rhode Island 02903.

2.      This is a civil action based on Plaintiff's contention that the defendants violated the Rhode Island Fair Debt Reporting Act, the Federal Fair Debt Reporting Act, and the common law claim of Breach of Contract.

3.      Removal is proper because this case involves a federal question—an alleged violation of the Federal Fair Debt Reporting Act.[1]  This entire suit is removable under 28 U.S.C.

---

[1] Sequium acknowledges that the Fair Debt Reporting Act does not exist.  Sequium assumes that Plaintiff is attempting to bring suit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. or the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.  Either way, Plaintiff has explicitly invoked federal jurisdiction in this matter.

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 6/5/2020 9:34 AM
Envelope: 2612764
Reviewer: Alexa G.

§ 1441(a).

4.      Venue is proper in this district under 28 U.S.C. 1441(a) because the state court where the suit has been pending is located in this district.

5.      Removal is timely pursuant to 28 U.S.C. § 1441(b) because SWC has filed its *Notice of Removal* within 30 days of service of Plaintiff's state-court Complaint.

6.      Pursuant to U.S.C. § 1441(a), a copy of all process, pleadings, documents, and orders in this case have been attached as **Exhibit A**.

7.      A copy of this *Notice of Removal* has been sent to Plaintiff and will be filed with the clerk of the Superior Court of Providence County, Providence, Rhode Island.

8.      As Sequium is the only party that has been properly served as of the time of this Removal, consent to this removal is not required to be obtained from co-defendants.  28 U.S.C. § 1446(b)(2)(A).

9.      Plaintiff requested a jury trial in the state court matter.

WHEREFORE, Sequium respectfully requests that this Court assume full jurisdiction over the proceeding as provided by law.

Respectfully submitted,

SEQUIUM ASSET SOLUTIONS, LLC,
By its attorneys,

_____
Timothy O. Egan #9239
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue, 6th Floor
Boston, MA 02210
(617) 951-2100
tegan@peabodyarnold.com

Date: <u>May 28, 2020</u>

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 6/5/2020 9:54 AM
Envelope: 2612764
Reviewer: Alexa G.

Case 1:20-cv-00339-MSM-LDA   Document 4   Filed 05/27/20   Page 15 of 37 PageID #: 32

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on all parties of record via CM/ECF on this 28th day of May, 2020:

_____

Timothy O. Egan

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
DAYNA GLADSTEIN

**DEFENDANTS**
SEQUIUM ASSET SOLUTIONS, LLC, I.C. SYSTEMS, INC., and VERIZON

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bruce P. Gladstein, Esq. (#5272)
2237 Pawtucket Avenue
East Providence, RI 02914 -

Attorneys *(If Known)*
Timothy O. Egan, Esq., #9239, Peabody & Arnold LLP
600 Atlantic Ave., Boston, MA 02210
(617) 951-2100; tegan@peabodyarnold.com

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE                     DOCKET NUMBER

DATE
05/28/2020

SIGNATURE OF ATTORNEY OF RECORD
Timothy O. Egan

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Print     Save As...     Page 16     Reset

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 6/5/2020 3:34 AM
Envelope: 2612764
Reviewer: Alexa G.

Case 1:23-cv-00380-LDA Document 1 Filed 05/23/20 Page 17 of 37 PageID #: 34

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**      **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 6/5/2020 9:54 AM
Envelope: 2612764
Reviewer: Alexa G.

# EXHIBIT A

**REGISTERED AGENT**
SOLUTIONS INC

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

5/5/2020

Steven Koepke
**Sequium Asset Solutions, LLC**
1130 Northchase Pkwy SE
Suite 150
Marietta, GA 30067 USA

<div style="border:1px solid">

**NOTICE OF CONFIDENTIALITY**

This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

</div>

**RE:  Sequium Asset Solutions, LLC**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review.  A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

For additional information and instruction, contact the document issuer:  ATTORNEY FOR PLAINTIFF

**SERVICE INFORMATION**

| | |
|---|---|
| Service Date: | 5/5/2020 |
| Service Time: | 11:00 AM EDT |
| Service Method: | Process Server |

**RASi REFERENCE INFORMATION**

| | |
|---|---|
| Service No.: | 0136563 |
| RASi Office: | Rhode Island |
| Rec. Int. Id.: | AC |

**CASE INFORMATION**

| | |
|---|---|
| Case Number: | PC-2020-034 |
| File Date: | 04/28/2020 |
| Jurisdiction: | SUPERIOR COURT IN AND FOR RHODE ISLAND AND PROVIDENCE PLANTATIONS |
| Case Title: | DAYNA GLADSTEIN V. SEQUIUM ASSET SOLUTIONS LLC |

**ANSWER / APPEARANCE INFORMATION**

20 days   *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

| | |
|---|---|
| Firm/Issuing Agent: | ATTORNEY FOR PLAINTIFF |
| Attorney/Contact: | BRUCE P. GLADSTEIN |
| Location: | Rhode Island |
| Telephone No.: | 401-432-9999 |

**DOCUMENT(S) RECEIVED & ATTACHED**

Summons

**ADDITIONAL NOTES**

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission.  The transmitted documents have also been uploaded to your Corpliance account.  RASi offers additional methods of notification including Telephone Notification and FedEx Delivery.  If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

Case 1:20-cv-00259-LDA Document 1 Filed 05/28/20 Page 20 of 37 PageID #: 37



STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | | |
|---|---|---|
| | **Civil Action File Number**<br>PC-2020-03488 | |
| **Plaintiff**<br>Dayna Gladstein<br><br>v.<br><br>Sequium Asset Solutions, LLC<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Bruce P. Gladstein | |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>2377 PAWTUCKET AVE<br>EAST PROVIDENCE RI 02914 | |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>1130 Northchase Parkway<br>Suite 150<br>Marietta GA 30067 | |

**TO THE DEFENDANT, Sequium Asset Solutions, LLC:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 4/28/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 6/5/2020 9:54 AM
Envelope: 2612764
Reviewer: Alexa G.



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Dayna Gladstein<br>v.<br>Sequium Asset Solutions, LLC<br>**Defendant** | **Civil Action File Number**<br>PC-2020-03488 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Sequium Asset Solutions, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 6/5/2020 9:54 AM
Envelope: 2612764
Reviewer: Alexa G.



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month     Day     Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED:

_____

Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 4/27/2020 3:30 PM
Envelope: 2569229
Reviewer: Alexa G.

STATE OF RHODE ISLAND                           SUPERIOR COURT
PROVIDENCE, SC.


DAYNA GLADSTEIN                          :
                                         :
              vs.                        :        C.A. NO.:  20-
                                         :
VERIZON; SEQUIUM ASSET SOLUTIONS, LLC    :
I.C. SYSTEMS, INC.                       :


<u>COMPLAINT</u>

1) Plaintiff, DAYNA GLADSTEIN ("Gladstein"), is a resident of the Town of North
   Kingstown, County of Washington, State of Rhode Island.

2) Defendant, VERIZON is a corporation authorized to do business in the State of Rhode
   Island.

3) Defendant, SEQUIUM ASSET SOLUTIONS, LLC ("Sequium") is a limited liability
   corporation authorized to do business in the State of Rhode Island and is a collection
   company for Verizon.

4) Defendant, I.C. SYSTEMS, INC. ("I.C.") is a corporation authorized to do business in the
   State of Rhode Island and is a collection company for Verizon.

5) In 2018-2019 and before, Gladstein was a customer of Verizon for all her telephone,
   cable, internet, and cell phone needs.

6) During the 2019 year, Gladstein received bills from Verizon for the previously mentioned.

7) Though Gladstein had paid her Verizon bill in full, Verizon continued to send her invoices
   totaling over $700.00.

8) Gladstein and through her attorney contacted Verizon to dispute said charges.

9) The attorney for Gladstein also sent a form to Verizon disputing said charges.

10) On or about May 14, 2019, a representative from Verizon contacted the attorney for
    Gladstein and informed him that "after all credits have been applied, there is a balance of
    $76.89" and to pay said amount "there will be a zero balance".

11) On or about June 22, 2019, Gladstein paid the $76.89 and therefore she had a zero
    balance.

12) On or about May 21, 2019, Gladstein received a Collection Letter from Sequium claiming that she owed Verizon $752.04 for payment due.

13) On or about June 4, 2019, attorney for Gladstein sent a letter with proof of payments that the account was paid in full.

14) Gladstein did not hear anything back until September 4, 2019 when she received a Collection Letter from I.C. claiming that she owed Verizon $675.15 for payment due.

15) Sequium and/or I.C. notified the Credit Bureau regarding the unpaid charges owed to Verizon though Gladstein had paid the amount in full.

<div align="center">

COUNT I
RHODE ISLAND FAIR DEBT REPORTING ACT
</div>

16) The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

17) On or about May 21, 2019, Verizon claimed that Gladstein owed $752.04 for payment due when she received a Collection Letter from Sequium, a debt collector hired by Verizon.

18) On or about September 4, 2019, Verizon claimed that Gladstein owed $675.15 for payment due when she received a Collection Letter from I.C., a debt collector hired by Verizon

19) The above mentioned debt collectors send said letters even though the account was paid in full based on the following: on June 4, 2019, attorney for Gladstein sent a letter with proof of payments that the account was paid in full; on May 14, 2019, a representative from Verizon contacted the attorney for Gladstein and informed him that "after all credits have been applied, there is a balance of $76.89" and to pay said amount "there will be a zero balance".

20) Verizon was owed no money from Gladstein.

21) Though Verizon was owed no money from Gladstein, Verizon had two (2) different debt collectors not only send Collection Letters to Gladstein, but also had the two (2) different debt collectors notify the Credit Bureau that Gladstein was deliquent with her payments to Verizon.

22) Until the issue with Verizon arose, Gladstein had near perfect credit.

23) After the issue with Verizon arose, Gladstein's credit score plummeted approximitly 200 poinst then before Verizon, through its debt collectors, notified the Credit Bureau.

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 4/27/2020 3:30 PM
Envelope: 2569229
Reviewer: Alexa G.

24) Due to the actions of Verizon, Sequium, and I.C., Gladstein suffered financial loss, humiliation, embarrassment, and mental anguish.

25) The actions of Verizon, Sequium, and I.C. were performed with such reckless disregard that punitive damages are warranted.

26) Due to the actions of Verizon, Sequium, and I.C., Gladstein is entitled to attorney's fees.

<div align="center">

COUNT II
FEDERAL FAIR DEBT REPORTING ACT
</div>

27) The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

28) On or about May 21, 2019, Verizon claimed that Gladstein owed $752.04 for payment due when she received a Collection Letter from Sequium, a debt collector hired by Verizon.

29) On or about September 4, 2019, Verizon claimed that Gladstein owed $675.15 for payment due when she received a Collection Letter from I.C., a debt collector hired by Verizon

30) The above mentioned debt collectors send said letters even though the account was paid in full based on the following:  on June 4, 2019, attorney for Gladstein sent a letter with proof of payments that the account was paid in full; on May 14, 2019, a representative from Verizon contacted the attorney for Gladstein and informed him that "after all credits have been applied, there is a balance of $76.89" and to pay said amount "there will be a zero balance".

31) Verizon was owed no money from Gladstein.

32) Though Verizon was owed no money from Gladstein, Verizon had two (2) different debt collectors not only send Collection Letters to Gladstein, but also had the two (2) different debt collectors notify the Credit Bureau that Gladstein was deliquent with her payments to Verizon.

33) Until the issue with Verizon arose, Gladstein had near perfect credit.

34) After the issue with Verizon arose, Gladstein's credit score plummeted over XX then before Verizon, through its debt collectors, notified the Credit Bureau.

35) Due to the actions of Verizon, Sequium, and I.C., Gladstein suffered financial loss, humiliation, embarrassment, and mental anguish.

36) The actions of Verizon, Sequium, and I.C. were performed with such reckless disregard that punitive damages are warranted.

37) Due to the actions of Verizon, Sequium, and I.C., Gladstein is entitled to attorney's fees.

<u>COUNT III</u>
<u>BREACH OF CONTRACT</u>

38) The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

39) As part of the contract between Gladstein and Verizon, Gladstein agreed to pay the charges from Verizon in a timely manner.

40) As part of the contract between Gladstein and Verizon, Verizon agreed to accept payment from Gladstein and not falsly notify debt collectors and the Credit Burear that payments were not made when in fact payments were made.

41) Gladstein made her payments in a timely manner once the correct amount was determined.

42) Gladstein had paid Verizon in full for all charges owed.

43) Though Gladstein made her payments in a timely manner once the correct amount was determined and paid Verizon in full for all charges owed, Verizon hired Sequium to collect a debt that was paid in full.

44) Though Gladstein made her payments in a timely manner once the correct amount was determined and paid Verizon in full for all charges owed, Verizon hired I.C. to collect a debt that was paid in full.

45) Though Gladstein made her payments in a timely manner once the correct amount was determined and paid Verizon in full for all charges owed, Verizon, through its agents Sequium and I.C., notified the Credit Bureau that Gladstein did not pay her debt in full and refused to pay said debt in full.

46) The above actions by Verizon were grossly negligent.

47) The above actions by Verizon were in breach of the contract between Gladstein and Verizon.

48) Due to the grossly negligent actions of Verizon, Gladstein suffered financial loss, humiliation, embarassment, and mental anguish.

49) The actions of Verizon were performed with such reckless disregard that punitive damages are warranted.

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 4/27/2020 3:30 PM
Envelope: 2569229
Reviewer: Alexa G.

50) Due to the actions of Verizon, Gladstein is entitled to attorney's fees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

- Rule in favor of Gladstein and against Verizon as to all counts listed in this complaint.

- Rule in favor of Gladstein and against Sequium and I.C.as to counts I and II listed in this complaint

- That Gladstein be awarded compensatory damages.

- That Gladstein be awarded punitive damages.

- That Gladstein be awarded costs and reasonable attorney's fees.

- That Gladstein may have such other relief as the Honorable Court deem just and proper.


### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY


PLAINTIFF,
by her Attorney


/s/ Bruce Gladstein, Esq.
BRUCE P. GLADSTEIN, ESQ. (#5272)
2237 Pawtucket Avenue
East Providence, RI 02914
(401) 432-9999
Email: bgladsteinlaw@aol.com

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 6/5/2020 9:54 AM
Envelope: 2612764
Reviewer: Alexa G.

Case 1:20-cv-00239-MSM-LDA   Document 3   Filed 07/08/20   Page 28 of 37 PageID #: 45

IN THE SUPERIOR COURT
COUNTY OF PROVIDENCE
STATE OF RHODE ISLAND



DAYNA GLADSTEIN,                           §
   *Plaintiff,*                         §
                                     §
                                     §
v.                                         §          Case No. PC-2020-03488
                                     §
                                     §
SEQUIUM ASSET SOLUTIONS, LLC, I.C.         §
SYSTEMS, INC., and VERIZON,                §
   *Defendants.*                        §

---

## DEFENDANT SEQUIUM ASSET SOLUTIONS, LLC'S
## NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGE:

       Please take notice that on May 28, 2020, Defendant SEQUIUM ASSET SOLUTIONS, LLC ("Sequium") filed its *Notice of Removal* pursuant to 28 U.S.C. § 1441(a) in the United States District Court for the District of Rhode Island  A true and correct copy of the *Notice of Removal* is attached hereto as **Exhibit A**.

       Please take further notice that upon filing the *Notice of Removal* with the Clerk of the United States District Court for the District of Rhode Island and filing copies thereof with this Court, Sequium has effected the removal of this case.  Therefore, this Court shall proceed no further in this action unless and until this case is remanded pursuant to 28 U.S.S. § 1446(d).

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 6/5/2020 9:54 AM
Envelope: 2612764
Reviewer: Alexa G.

20-CV-00239-MSM-LDA   Document 3   Filed 07/08/20   Page 29 of 37 PageID #: 46

Respectfully submitted,

SEQUIUM ASSET SOLUTIONS, LLC,
By its attorneys,

_____
Timothy O. Egan #9239
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue, 6th Floor
Boston, MA 02210
(617) 951-2100
tegan@peabodyarnold.com

Date: May 28, 2020

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on all parties of record via CM/ECF on this 28th day of May, 2020:

_____
Timothy O. Egan

STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-03488 |
| **Plaintiff**<br>Dayna Gladstein<br>v.<br>Sequium Asset Solutions, LLC<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Bruce P. Gladstein |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>2377 PAWTUCKET AVE<br>EAST PROVIDENCE RI  02914 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>1130 Northchase Parkway<br>Suite 150<br>Marietta GA  30067 |

**TO THE DEFENDANT, Sequium Asset Solutions, LLC:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 4/28/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

| **Plaintiff**<br>Dayna Gladstein<br> v.<br>Sequium Asset Solutions, LLC<br>**Defendant** | **Civil Action File Number**<br>PC-2020-03488 |
| --- | --- |

---

**PROOF OF SERVICE**

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Sequium Asset Solutions, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

---

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND                    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
  Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____

  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

  _____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month      Day      Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

 _____

 Signature

State of _____

County of _____

    On this _____ day of _____, 20_____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or  ☐  proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                      Notary Public: _____

                      My commission expires: _____

                      Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 4/27/2020 3:30 PM
Envelope: 2569229
Reviewer: Alexa G.

0-CV-00239-MSM-LDA   Document 3   Filed 07/08/20   Page 33 of 37 PageID #: 50

STATE OF RHODE ISLAND                           SUPERIOR COURT
PROVIDENCE, SC.


DAYNA GLADSTEIN                           :
                                         :
              vs.                        :      C.A. NO.:  20-
                                         :
VERIZON; SEQUIUM ASSET SOLUTIONS, LLC    :
I.C. SYSTEMS, INC.                       :


## COMPLAINT

1) Plaintiff, DAYNA GLADSTEIN ("Gladstein"), is a resident of the Town of North Kingstown, County of Washington, State of Rhode Island.

2) Defendant, VERIZON is a corporation authorized to do business in the State of Rhode Island.

3) Defendant, SEQUIUM ASSET SOLUTIONS, LLC ("Sequium") is a limited liability corporation authorized to do business in the State of Rhode Island and is a collection company for Verizon.

4) Defendant, I.C. SYSTEMS, INC. ("I.C.") is a corporation authorized to do business in the State of Rhode Island and is a collection company for Verizon.

5) In 2018-2019 and before, Gladstein was a customer of Verizon for all her telephone, cable, internet, and cell phone needs.

6) During the 2019 year, Gladstein received bills from Verizon for the previously mentioned.

7) Though Gladstein had paid her Verizon bill in full, Verizon continued to send her invoices totaling over $700.00.

8) Gladstein and through her attorney contacted Verizon to dispute said charges.

9) The attorney for Gladstein also sent a form to Verizon disputing said charges.

10) On or about May 14, 2019, a representative from Verizon contacted the attorney for Gladstein and informed him that "after all credits have been applied, there is a balance of $76.89" and to pay said amount "there will be a zero balance".

11) On or about June 22, 2019, Gladstein paid the $76.89 and therefore she had a zero balance.

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 4/27/2020 3:30 PM
Envelope: 2569229
Reviewer: Alexa G.

0-CV-00239-MSM-LDA   Document 3   Filed 07/08/20   Page 34 of 37 PageID #: 51

12) On or about May 21, 2019, Gladstein received a Collection Letter from Sequium claiming that she owed Verizon $752.04 for payment due.

13) On or about June 4, 2019, attorney for Gladstein sent a letter with proof of payments that the account was paid in full.

14) Gladstein did not hear anything back until September 4, 2019 when she received a Collection Letter from I.C. claiming that she owed Verizon $675.15 for payment due.

15) Sequium and/or I.C. notified the Credit Bureau regarding the unpaid charges owed to Verizon though Gladstein had paid the amount in full.

## COUNT I
## RHODE ISLAND FAIR DEBT REPORTING ACT

16) The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

17) On or about May 21, 2019, Verizon claimed that Gladstein owed $752.04 for payment due when she received a Collection Letter from Sequium, a debt collector hired by Verizon.

18) On or about September 4, 2019, Verizon claimed that Gladstein owed $675.15 for payment due when she received a Collection Letter from I.C., a debt collector hired by Verizon

19) The above mentioned debt collectors send said letters even though the account was paid in full based on the following: on June 4, 2019, attorney for Gladstein sent a letter with proof of payments that the account was paid in full; on May 14, 2019, a representative from Verizon contacted the attorney for Gladstein and informed him that "after all credits have been applied, there is a balance of $76.89" and to pay said amount "there will be a zero balance".

20) Verizon was owed no money from Gladstein.

21) Though Verizon was owed no money from Gladstein, Verizon had two (2) different debt collectors not only send Collection Letters to Gladstein, but also had the two (2) different debt collectors notify the Credit Bureau that Gladstein was deliquent with her payments to Verizon.

22) Until the issue with Verizon arose, Gladstein had near perfect credit.

23) After the issue with Verizon arose, Gladstein's credit score plummeted approximitly 200 poinst then before Verizon, through its debt collectors, notified the Credit Bureau.

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 4/27/2020 3:30 PM
Envelope: 2569229
Reviewer: Alexa G.

...O-CV-00239-MSM-LDA   Document 3   Filed 07/08/20   Page 35 of 37 PageID #: 52

24) Due to the actions of Verizon, Sequium, and I.C., Gladstein suffered financial loss, humiliation, embarrassment, and mental anguish.

25) The actions of Verizon, Sequium, and I.C. were performed with such reckless disregard that punitive damages are warranted.

26) Due to the actions of Verizon, Sequium, and I.C., Gladstein is entitled to attorney's fees.

<div align="center">

## COUNT II
## FEDERAL FAIR DEBT REPORTING ACT

</div>

27) The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

28) On or about May 21, 2019, Verizon claimed that Gladstein owed $752.04 for payment due when she received a Collection Letter from Sequium, a debt collector hired by Verizon.

29) On or about September 4, 2019, Verizon claimed that Gladstein owed $675.15 for payment due when she received a Collection Letter from I.C., a debt collector hired by Verizon

30) The above mentioned debt collectors send said letters even though the account was paid in full based on the following:  on June 4, 2019, attorney for Gladstein sent a letter with proof of payments that the account was paid in full; on May 14, 2019, a representative from Verizon contacted the attorney for Gladstein and informed him that "after all credits have been applied, there is a balance of $76.89" and to pay said amount "there will be a zero balance".

31) Verizon was owed no money from Gladstein.

32) Though Verizon was owed no money from Gladstein, Verizon had two (2) different debt collectors not only send Collection Letters to Gladstein, but also had the two (2) different debt collectors notify the Credit Bureau that Gladstein was deliquent with her payments to Verizon.

33) Until the issue with Verizon arose, Gladstein had near perfect credit.

34) After the issue with Verizon arose, Gladstein's credit score plummeted over XX then before Verizon, through its debt collectors, notified the Credit Bureau.

35) Due to the actions of Verizon, Sequium, and I.C., Gladstein suffered financial loss, humiliation, embarrassment, and mental anguish.

36) The actions of Verizon, Sequium, and I.C. were performed with such reckless disregard that punitive damages are warranted.

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 4/27/2020 3:30 PM
Envelope: 2569229
Reviewer: Alexa G.

1:20-CV-00239-MSM-LDA   Document 3   Filed 07/08/20   Page 36 of 37 PageID #: 53

37) Due to the actions of Verizon, Sequium, and I.C., Gladstein is entitled to attorney's fees.

## COUNT III
## BREACH OF CONTRACT

38) The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

39) As part of the contract between Gladstein and Verizon, Gladstein agreed to pay the charges from Verizon in a timely manner.

40) As part of the contract between Gladstein and Verizon, Verizon agreed to accept payment from Gladstein and not falsly notify debt collectors and the Credit Bureau that payments were not made when in fact payments were made.

41) Gladstein made her payments in a timely manner once the correct amount was determined.

42) Gladstein had paid Verizon in full for all charges owed.

43) Though Gladstein made her payments in a timely manner once the correct amount was determined and paid Verizon in full for all charges owed, Verizon hired Sequium to collect a debt that was paid in full.

44) Though Gladstein made her payments in a timely manner once the correct amount was determined and paid Verizon in full for all charges owed, Verizon hired I.C. to collect a debt that was paid in full.

45) Though Gladstein made her payments in a timely manner once the correct amount was determined and paid Verizon in full for all charges owed, Verizon, through its agents Sequium and I.C., notified the Credit Bureau that Gladstein did not pay her debt in full and refused to pay said debt in full.

46) The above actions by Verizon were grossly negligent.

47) The above actions by Verizon were in breach of the contract between Gladstein and Verizon.

48) Due to the grossly negligent actions of Verizon, Gladstein suffered financial loss, humiliation, embarassment, and mental anguish.

49) The actions of Verizon were performed with such reckless disregard that punitive damages are warranted.

Case Number: PC-2020-03488
Filed in Providence/Bristol County Superior Court
Submitted: 4/27/2020 3:30 PM
Envelope: 2569229
Reviewer: Alexa G.

Case 1:20-CV-00239-MSM-LDA   Document 3   Filed 07/08/20   Page 37 of 37 PageID #: 54

50) Due to the actions of Verizon, Gladstein is entitled to attorney's fees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

- Rule in favor of Gladstein and against Verizon as to all counts listed in this complaint.

- Rule in favor of Gladstein and against Sequium and I.C.as to counts I and II listed in this complaint

- That Gladstein be awarded compensatory damages.

- That Gladstein be awarded punitive damages.

- That Gladstein be awarded costs and reasonable attorney's fees.

- That Gladstein may have such other relief as the Honorable Court deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

PLAINTIFF,
by her Attorney

/s/ Bruce Gladstein, Esq.
BRUCE P. GLADSTEIN, ESQ. (#5272)
2237 Pawtucket Avenue
East Providence, RI 02914
(401) 432-9999
Email: bgladsteinlaw@aol.com